UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

IRVING PICARD,

    Plaintiff,

-against-

11 Civ. 4213 (CM)

UBS AG, et al.,

    Defendants.

----------------------------------------x

ORDER WITHDRAWING REFERENCE AS TO CLAIMS AGAINST
THE UBS DEFENDANTS BUT NOT AGAINST THE OTHER DEFENDANTS

McMahon, J.:

    The issue before the court is whether to withdraw the reference in the above-captioned case.

    *As Against Defendants Luxembourg Investment Fund and the Landmark Investment Fund Ireland (the LIF Defendants):* The motion to withdraw the reference is denied. The claims asserted against these defendants are garden-variety clawback claims; all the Trustee is seeking to recover from them is money they withdrew from BLMIS in the two years prior to the firm's liquidation. I see no reason why they should be treated any differently than any other BLMIS "investor" who is subject to a clawback claim. The issues raised by those claims are garden-variety bankruptcy issues. Nearly all of the "non-bankruptcy" issues that are identified in counsel's letter of July 22, 2011, are issues of fact, not issues of law that would mandate withdrawal of the reference. The claims against the LIF Defendants plainly arise under bankruptcy law, and they LIF Defendants have not suggested that they have a right to a jury trial on those claims.

    *As Against the UBS Defendants*: The Trustee has amended his complaint to withdraw the claims that implicated SLUSA preemption and the Trustee's standing to bring his action, so there is no basis for mandatory withdrawal of the reference, as UBS itself acknowledges. The remaining claim against these defendants is that they were subsequent transferees of some portion of certain funds that were initially transferred to one of the LIF Defendants by BLMIS – in other words, some portion of the funds that are subject to clawback. Ordinarily, I would leave that intrinsically bankruptcy claim with Judge Lifland. However, the UBS Defendants argue for permissive withdrawal because the issues raised as to UBS are closely related, as a matter of fact, to the issues in the so-called "Luxalpha" litigation, which has already come to this court on a mandatory withdrawal of the reference. In both cases, the Trustee alleges that the subsequently

transferred funds can be required from the UBS Defendants because they did not acquire these subsequently-transferred funds "for value....in good faith, and without knowledge of the voidability of the transfer avoided." As we all know, 11 U.S.C. § 5509b)(1) prohibits a bankruptcy estate from recovering from a subsequent transferee funds that would be subject to clawback if they were still held by the original transferee – unless the subsequent transferee was not a bona fide purchaser without notice of the avoidability of the transfer. Whether UBS was or was not a bona fide purchaser without notice turns on the UBS Defendants knowledge – or lack of knowledge – that Madoff was running a criminal enterprise. That issue should not be litigated simultaneously in two separate courts, the Bankruptcy Court and this court, which is what would occur if the Luxalpha Action remained here but the claims against the UBS Defendants in the LIF Action stayed in the Bankruptcy Court. Additionally, UBS is entitled to a jury trial on those claims, and unless all parties consent (which UBS is obviously not inclined to do), Judge Lifland cannot preside over such a trial. Therefore, the claims against the UBS Defendants in the LIF action will remain in this court, per 28 U.S.C. § 157(d), which provides that a district court may withdraw the reference in part. The UBS Defendants' motion to withdraw the reference as to the claims against them in the LIF Action is granted.

None of the other defendants has filed a letter brief addressing withdrawal of the reference in connection with claims against them. The reference is not withdrawn as to those claims.

This constitutes the decision and order of the court.

Dated: July 27, 2011

_____
U.S.D.J.

BY ECF TO ALL COUNSEL